UNITED STATES DISTRICT COURT           JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-7665-DMG (RAOx)** | Date | October 25, 2016 |
|---|---|---|---|
| Title | ***South Bay Estates v. Jonathan Porfert & Thomas Dandoran*** | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE DEFENDANT DANDORAN'S NOTICE OF REMOVAL [1]**

This matter is before the Court on *pro se* Defendant Thomas Dandoran's Notice of Removal ("Notice"). [Doc. # 1.] The Court has reviewed Dandoran's notice and the underlying unlawful detainer action.

Dandoran argues that this Court has jurisdiction over the action because it "is a civil action of which this [C]ourt has jurisdiction under 28 U.S.C. section 1443(1)," thus bringing it within the purview of sections 1441(a) and 1446. Notice at 2–3. Section 1443 permits removal from state court for "[a]ny . . . civil action . . . [a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." § 1443(1). The Supreme Court has articulated a two-part test for removal under this section:

> First, the [defendant] must assert, as a defense to the [action], rights that are given to [him] by explicit statutory enactment protecting equal racial civil rights. Second, [he] must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

*Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (quoting *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) (citing *Georgia v. Rachel*, 384 U.S. 780 (1966); *City of Greenwood, Miss. V. Peacock*, 384 U.S. 808 (1966))). "Bad experiences with the particular court in question will not suffice." *Sandoval*, 434 F.2d at 636. Dandoran bears the burden of establishing federal jurisdiction. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682 (9th Cir. 2006).

The underlying case is an unlawful detainer action related to Dandoran's and his codefendant Jonathan Porfert's failure to pay rent. Notice at 5–6 (unlawful detainer complaint).

UNITED STATES DISTRICT COURT    JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-7665-DMG (RAOx)** | Date | October 25, 2016 |
| Title | *South Bay Estates v. Jonathan Porfert & Thomas Dandoran* | Page | 2 of 2 |

In support of federal jurisdiction, Dandoran argues the following: (1) there is not a landlord-tenant relationship between him and Plaintiff South Bay Estates, (2) South Bay "is not a bona fide purchaser, or subsequent purchaser, to the property," (3) that he is "stonewalled" and prevented from arguing his case to the state court because South Bay "is now moving for judgment against against [sic] [him], even while [he] was formerly in negotiations with [South Bay]," (4) that South Bay's counsel is "us[ing] their knowledge of the law in attempting to prevent [him] from fully and accurately presenting his case," and (5) that his and Porfert's "rights to equal protection under the law are non-existent in state court unlawful detainer actions." *Id.* at 3–4.

None of these arguments satisfy either prong of the two-part test for a section 1443(1) removal. *See, e.g.*, *Group VIII Covina Props. LP v. Johnson et al.*, No. EDCV16-02155-JAK (DTBx), 2016 WL 6068108, at *2 (C.D. Cal. Oct. 14, 2016). Thus, Dandoran has not demonstrated that original subject-matter jurisdiction lies in the federal courts. *Sygenta Crop Protection, inc. v. Henson*, 537 U.S. 28, 33 (2002); *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003).

In light of the foregoing, the case is hereby **REMANDED** to the Los Angeles County Superior Court for lack of subject matter jurisdiction. Defendant Thomas Dandoran's request to proceed *in forma pauperis* is **DENIED** as moot.

**IT IS SO ORDERED.**